UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHADWICK ST. LOUIS,

Plaintiff,

-against-

OFFICER BODIN,

Defendant.

**INITIAL REVIEW ORDER**

3:23-cv-977 (VDO)

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Chadwick St. Louis is an inmate in the custody of the Connecticut Department of Correction ("DOC") and incarcerated at the MacDougall-Walker Correctional Institution ("MacDougall"). He filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 for violation of his constitutional rights while housed at Corrigan-Radgowski Correctional Center ("Corrigan") against Correction Officer Bodin.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

## I. FACTUAL BACKGROUND

While the Court does not set forth all of the facts alleged in Plaintiff's complaint, it summarizes his basic factual allegations here to give context to its rulings below.

On January 8, 2021, Plaintiff was brought to Corrigan Admitting and Processing (A&P) for a drug test. After testing positive for suboxone and THC, Plaintiff was taken out of his holding cell by the Intelligence Phone Monitor Officer Ayotte and brought to an area near the showers where a property officer distributes clothing.

Plaintiff admitted to using drugs but did not state who had provided the drugs to him while he was housed at MacDougall. He was also questioned about why his mother sent $1,400 to someone at MacDougall. Officer Ayotte advised Plaintiff that he knew the identity of the individual to whom Plaintiff's mother had sent the money and that this inmate was under investigation for conveying contraband and drugs. Plaintiff still indicated that he was not aware of how the drugs came into the unit.

Officer Ayotte called him a liar and informed him that his disciplinary report would be thrown out if he cooperated with him. Plaintiff responded that he no longer wanted to speak to Officer Ayotte.

Officer Ayotte informed Property Officer Bodin that Plaintiff was a liar and should go to the Restrictive Housing Unit ("RHU").[1] Officer Bodin threw Plaintiff a red jumper, which was too small. After Plaintiff threw the jumper on the floor and asked for a different one,

---

[1] Plaintiff's allegations refer to an unnamed officer, but the claims of his complaint appear to clarify that this property officer is Defendant Bodin.

Officer Bodin started to scream and swear at Plaintiff. He also threatened to "fuck up" Plaintiff's property. Plaintiff indicates that Officer Ayotte then left the area.

Officer Bodin allegedly pushed Plaintiff against the wall and punched him very hard in the head. Plaintiff was able to run past Officer Bodin towards the doorway but was stopped by the second shift property officer. After Plaintiff stated he did not want any more issues, Officer Bodin and the other property officer placed Plaintiff back into the holding cell.

Plaintiff was then brought to the RHU and received a disciplinary report for intoxication (for which he pleaded guilty).

After his release from the RHU, Plaintiff received his property but noticed that he was missing substantial property, including, inter alia, $700 worth of food, stamped envelopes, his drawings and poetry, photographs, CDs, publications, and other items he was permitted to obtain. The covers of his lawbooks were also ripped off.

Plaintiff requests damages and declaratory judgment.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a governmental entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are

forced to select the relevant material from a mass of verbiage.'" *Harden v. Doe*, No. 19-CV-3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

## III. DISCUSSION

The Court construes Plaintiff's complaint to raise constitutional claims under the Eighth Amendment and the Fourteenth Amendment's due process clause.

For each defendant against whom he seeks damages, Plaintiff must allege the personal involvement of the defendant in the constitutional violation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (internal citation and quotation marks omitted). Thus, the Court first considers whether Plaintiff has alleged facts to state any plausible claim for damages arising from a constitutional violation by Officer Bodin.

### A. Eighth Amendment Excessive Force

The Eighth Amendment to the U.S. Constitution prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. Thus, the Eighth Amendment protects against punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). An inmate claiming that excessive force has been used against him or her by a prison official has the burden of establishing both an objective and subjective component. *See Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).

To meet the objective component, the inmate must allege that the defendant's conduct was serious enough to have violated "contemporary standards of decency." *Hudson v. McMillia*n, 503 U.S. 1, 8 (1992) (internal citation and quotation marks omitted). The extent of the inmate's injuries as a result of the defendant's conduct is not a factor in determining the

objective component. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) ("core judicial inquiry" is "not whether a certain quantum of injury was sustained," but rather whether unreasonable force was applied given the circumstances); *Hudson*, 503 U.S. at 9 ("[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated[]" irrespective of whether significant injury is present). The subjective component requires the inmate to show that the prison officials acted wantonly and focuses on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

For purposes of initial review, Plaintiff's allegations plausibly suggest that Officer Bodin applied force without legitimate penological reasons. Thus, Plaintiff may proceed on his Eighth Amendment excessive force claim against Officer Bodin in his individual capacity for damages. The Court will also permit state common law claims for assault and battery arising from the same set of facts to proceed against Officer Bodin in his individual capacity. *See* 28 U.S.C. § 1367(a).

**B. Eighth Amendment Deliberate Indifference**

To state a cognizable Eighth Amendment claim for unconstitutional conditions of confinement, a plaintiff must allege facts to show that '"(1) objectively, the deprivation was sufficiently serious that he was denied the minimal civilized levels of life's necessities, and (2) subjectively, that the defendant official acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety.'" *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)).

With respect to a prisoner's medical needs, the Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to the serious medical needs of a sentenced prisoner. *See Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The prisoner must show that "(1) objectively, the alleged deprivation of medical care was 'sufficiently serious,' and (2) subjectively, that a defendant acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" *Washington*, 708 F. App'x at 708 (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006)).

In both instances, the prisoner must allege facts to suggest that a defendant acted not merely carelessly or negligently, but with a subjectively reckless state of mind akin to criminal recklessness. *See, e.g.*, *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012) (per curiam). But "[o]fficials need only be aware of the risk of harm, not intend harm. And awareness may be proven from the very fact that the risk was obvious." *Spavone*, 719 F.3d at 138.

**1. Verbal Harassment**

Plaintiff alleges that he has suffered from "significant mental anguish" after Officer Bodin yelled, swore at him, called him a "fucking scumbag jew" and threatened him with destruction of his property. In the Eighth Amendment context, courts generally require that the inmate allege that he suffered some harm of "appreciable injury" for a claim arising from verbal harassment to be actionable. *See Willey v. Kirkpatrick*, 801 F.3d 51, 70 (2d Cir. 2015) (instructing district court to consider whether plaintiff's "psychological pain" and subsequent suicide attempt caused by non-physical sexual harassment constituted an "appreciable injury" that was actionable); *see also Burns v. Martuscello*, 890 F.3d 77, 91 (2d Cir. 2018) ("a number

of courts have found an Eighth Amendment violation where a guard publicly labels an inmate as a snitch, because of the likelihood that the inmate will suffer great violence at the hands of fellow prisoners”). But an alleged limited or isolated instance of verbal harassment does not give rise to an Eighth Amendment violation. *See Cuoco v. Moritsugu*, 222 F.3d 99, 109 (2d Cir. 2000) (noting that “rudeness and name-calling does not rise to the level of a constitutional violation”); *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (noting limited instances of verbal harassment does not “involve harm of federal constitutional proportions”).

Thus, construed most broadly, Plaintiff's allegations suggest that he suffers from an “appreciable harm” resulting from Officer Bodin's alleged verbal harassment. *See Johnson v. Cook*, No. 19-CV-1464, 2021 WL 2741723, at *10 (D. Conn. July 1, 2021) (allowing plaintiff's claim to proceed where she alleged that officers' harassment resulted in her having “suicidal thoughts”). Accordingly, Plaintiff may proceed on this Eighth Amendment claim against Officer Bodin in his individual capacity for further development of the record.

**2. Health and Wellbeing**

Plaintiff appears to assert that Officer Bodin acted with deliberate indifference to his health and wellbeing. He alleges that Officer Bodin's conduct has caused him significant mental anguish, headaches, anxiety, and severe pain.

As an initial matter, Plaintiff has not alleged facts indicating that Officer Bodin was aware of his injuries but failed to seek medical assistance for him after his assault. *See Shand v. Chapdelaine*, No. 3:17-CV-1947 (JCH), 2018 WL 279980, at *3 (D. Conn. Jan. 3, 2018) (permitting deliberate indifference claim to proceed based on denial of medical care, including treatment for asthma after chemical agent exposure, following assault by correction officers).

For purposes of initial review, however, Plaintiff's allegations suggest that Officer Bodin acted with deliberate indifference to an obvious risk to Plaintiff's mental and physical health by causing a serious blow to Plaintiff's head. Accordingly, Plaintiff may proceed on this claim of Eighth Amendment deliberate indifference against Officer Bodin in his individual capacity.

It is not clear whether Plaintiff asserts that Officer Bodin acted with deliberate indifference to his mental health by depriving him of his property. To the extent that he does, Plaintiff has not alleged facts to support an inference that Officer Bodin was involved in the property deprivation or damage. Nor do the facts suggest that Plaintiff's property deprivation exposed him to a serious risk of substantial harm of constitutional dimension. Accordingly, Plaintiff has not alleged a plausible Eighth Amendment deliberate indifference claim arising from his property deprivation against Officer Bodin.

**C. Fourteenth Amendment Loss of Property**

A prisoner can state a due process claim for the loss of property "only if the [s]tate provides no adequate post-deprivation remedy." *Edwards v. Erfe*, 588 F. App'x 79, 80 (2d Cir. 2015) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Both the DOC and the State of Connecticut provide adequate remedies for an inmate who complains of lost or destroyed property. *See Riddick v. Semple*, 731 F. App'x 11, 13–14 (2d Cir. 2018) (referencing administrative remedy pursuant to DOC Administrative Directive 9.6, claim pursuant to Conn. Gen. Stat. § 4-141, *et seq.*, and common law intentional tort claim against individual employees). A prisoner may avail himself of his remedies for property loss under DOC Administrative Directive 9.6. *See* A.D. 9.6 (effective Apr. 30, 2021). Under Connecticut General Statute § 4-141, *et seq.*, "a prisoner may bring a claim against the Connecticut Claims

Commission unless there is another administrative remedy for [the prisoner's] claim." *Sherman v. Corcella*, No. 3:19-CV-1889 (CSH), 2020 WL 4043178, at *17 (D. Conn. July 16, 2020). Therefore, Plaintiff does not allege a plausible due process claim against Officer Bodin based on his property deprivation. Accordingly, this Fourteenth Amendment claim is dismissed.

### D. Official Capacity Claims

Plaintiff's case caption states that he is suing Officer Bodin in his official and individual capacities. However, Plaintiff may not proceed against Defendant Bodin in his official capacity for damages because the Eleventh Amendment bars a federal court from holding the DOC or any DOC employees in their official capacity liable for money damages. *See Kelly v. New York State Unified Ct. Sys.*, 2022 WL 1210665, at *1 (2d Cir. 2022).

Plaintiff may seek official capacity relief against a state official only to the extent that he alleges an ongoing violation of the constitutional rights for which a federal court may enter an order of prospective relief against that official in his official capacity. *See, e.g.*, *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *Silva v. Farrish*, 47 F.4th 78, 84 (2d Cir. 2022). Here, the Court must dismiss as moot any requests for official capacity relief against Officer Bodin because Plaintiff is no longer housed at Corrigan. *See Washington v. McKoy*, 816 F. App'x 570, 572–73 (2d Cir. 2020) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").

## IV. <u>CONCLUSION</u>

The Court enters the following orders:

(1) Plaintiff may **PROCEED** with his Eighth Amendment excessive force, verbal harassment, and deliberate indifference claims and his state law claims of assault and battery against Officer Bodin in his individual capacity.

(2) All other claims, including official capacity claims, are **DISMISSED WITHOUT PREJUDICE**.

**Plaintiff has two options as to how to proceed in response to this Initial Review Order:**

(1) If Plaintiff wishes to proceed immediately **only** on the claims set forth in item one above against Officer Bodin, he may do so without further delay. If Plaintiff selects this option, he shall file a notice on the docket on or before **Friday, December 29, 2023**, informing the Court that he elects to proceed with service as to the claims set forth in this paragraph. The Court will then begin the effort to serve process on Officer Bodin in the capacity described above.

(2) Alternatively, if Plaintiff wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed in order to attempt to state a viable claim, he may file an amended complaint by **Monday, January 29, 2024**. An amended complaint, if filed, will completely replace the complaint, and the Court will not consider any allegations made in the original complaint in evaluating any amended complaint. The Court will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants named therein. If Plaintiff elects to file an amended complaint, the complaint this Initial Review Order addresses will **not** proceed to service of process on any defendant.

(3) If the Court receives no response from Plaintiff by **Tuesday, January 30, 2024**, the Court will presume that Plaintiff wishes to proceed on the complaint as to the claims

permitted to go forward in this Initial Review Order, and Plaintiff will have to show good cause if he seeks to amend the complaint in any manner in the future.

**Changes of Address**. If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c) provides that he **MUST** notify the Court. Failure to do so may result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendant or counsel for Defendant of his new address.

**SO ORDERED.**

Hartford, Connecticut
November 29, 2023

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge